UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMARR WASHINGTON,　　　　　　　　　Case No. 1:11-cv-269
　　　Petitioner,

　　　　　　　　　　　　　　　　　　　　Barrett, J.
vs.　　　　　　　　　　　　　　　　　　Litkovitz, M.J.


WARDEN, LEBANON　　　　　　　　　　　REPORT AND
CORRECTIONAL INSTITUTION,　　　　　　RECOMMENDATION
　　　Respondent.


Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss filed June 1, 2011, and petitioner's response in opposition to the motion. (Docs. 6, 10).

**I. PROCEDURAL HISTORY**

### State Trial Proceedings

On January 24, 2007, the Hamilton County, Ohio, grand jury returned a fifteen-count indictment against petitioner and two co-defendants, charging each person with one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1); one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(1); two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A); one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2); three counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A); three counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2); and four counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A). (Doc. 6, Ex. 1). Firearm specifications were attached to the aggravated burglary, burglary, aggravated robbery, robbery

and kidnapping counts. (*Id.*).

On October 2, 2007, petitioner entered a guilty plea to the aggravated burglary count, the rape count, the three aggravated robbery counts, two of the kidnapping counts, and the three-year firearm specification attached to each of those charges in exchange for the dismissal of the eight remaining counts and additional specifications. (*See* Doc. 6, Exs. 2 & 4). In the written plea entry executed by petitioner, as well as counsel for both parties, petitioner stated that he understood his "right to appeal a maximum sentence, [his] other limited appellate rights and that any appeal must be filed within 30 days of [his] sentence." (Doc. 6, Ex. 2, p. 2). The trial court accepted petitioner's guilty plea and deferred sentencing. (Doc. 6, Ex. 3).

After a sentencing hearing held on November 6, 2007, the trial court issued a Judgment Entry the same date sentencing petitioner to an aggregate prison term of fifteen (15) years.[1] (Doc. 6, Ex. 5).

## Motion For Delayed Appeal

Petitioner did not pursue a timely appeal to the Ohio Court of Appeals. On April 27, 2009, nearly eighteen months after the trial court issued the final sentencing entry, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate District. (Doc. 6, Exs. 6-7). In his motion for delayed appeal, petitioner provided the following explanation for his delay in filing:

> When defendant got sentenced, he asked his lawyer in open court to appeal his case. Judge Alex Trantaflou said defendant was able to appe[a]l. Defendant's

---

[1] Specifically, the court merged the 3-year firearm specifications attached to each count and sentenced petitioner to concurrent terms of imprisonment for the aggravated burglary and rape offenses, and on one of the aggravated robbery counts. (Doc. 6, Ex. 5). Petitioner was sentenced to consecutive three-year prison terms for the two remaining aggravated robbery offenses, the two kidnapping offenses, and the merged firearm specifications. (*Id.*).

2

> Lawyer told him it would be mindless to file for an appeal and it would be a waste of time. Before Defendant left the County Jail, he spoke with public defender John Keller and told him to file that appeal, and was told he had no right to appeal because of his plea of guilty. Believing this to be true, time passed til Defendant learned that he indeed could have filed an appeal as of March 3rd, 2009. Defendant also learned he could file the appeal himself. [D]efendant would also like to point out that Defendant lacks the necessary funds and legal materials necessary to file a timely appeal.

(Doc. 6, Ex. 6, "Memorandum"). On April 29, 2009, petitioner filed a duplicative motion for delayed appeal, together with a second notice of appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 6, Exs. 9-10). In separate entries filed on May 13 and May 20, 2009, the Ohio Court of Appeals overruled the two motions for delayed appeal on the ground that petitioner "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 6, Exs. 8, 12).

Petitioner timely appealed the Ohio Court of Appeals' rulings to the Ohio Supreme Court. (Doc. 6, Exs. 13-14). On September 30, 2009, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 6, Ex. 16).

**Federal Habeas Corpus**

The instant federal habeas corpus action commenced on April 28, 2011, the date petitioner's motion for leave to proceed *in forma pauperis* was entered as "filed" with the Court. (*See* Doc. 1). However, petitioner states in his habeas corpus petition that he placed the petition "in the prison mailing system" for delivery to the Court on December 24, 2010, the same date that he executed his *in forma pauperis* application. (*See* Doc. 3, p. 13; *see also* Doc. 1). The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which

3

the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Although the four-month lapse in time between petitioner's claimed date and the actual date of filing renders petitioner's declaration suspect, the undersigned assumes in petitioner's favor that he submitted his petition to the prison mail-room for delivery to the Court as he has averred and that the petition was, therefore, filed for statute-of-limitations purposes on December 24, 2010.

In the petition, petitioner alleges the following claim as the sole ground for relief: "Appellant was rendered ineffective assistance of counsel, by informing defendant that appeal[]ing anything would be mindless, when defendant had a right to appeal his sentence." (Doc. 3, p. 7).

Respondent has filed a motion to dismiss the petition. (Doc. 6). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 6, Brief, pp. 4-10). Petitioner opposes respondent's motion. (Doc. 10).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 6) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's sole claim for relief. First, it is clear from the record that neither § 2244(d)(1)(C) nor § 2244(d)(1)(D) apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Moreover, petitioner admitted in his motions for delayed appeal to the Ohio Court of Appeal that his trial attorney and an attorney from the public defender's office informed him that they would not file an appeal on his behalf when he requested them to do so in open court at the sentencing hearing and, soon thereafter, before leaving the county jail to serve his prison term. (*See* Doc. 6, Exs. 6, 9). Therefore, it is clear from the record that the facts underlying petitioner's ineffective-assistance-of-counsel claim were known by petitioner or, at least, could have been discovered through the exercise of due diligence before his conviction became final by the conclusion of direct review or expiration of time for seeking such review.

In the motion to dismiss, respondent contends that petitioner's claim for relief is governed

5

by the one-year statute of limitations set forth in § 2254(d)(1)(A), which began to run on December 6, 2007 when petitioner's conviction became final by the expiration of the 30-day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's November 6, 2007 final judgment entry. *See* Ohio R. App. P. 4(A). Therefore, if the § 2244(d)(1)(A) limitations provision applies here, the statute commenced running on December 7, 2007, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on December 7, 2008, absent application of statutory or equitable tolling principles.[2]

In the petition, petitioner essentially alleges as the sole ground for relief that his trial counsel was ineffective in failing to file a appeal on his behalf when asked to do so. In cases involving the alleged ineffectiveness of trial counsel in failing to perfect an appeal requested by the petitioner, courts have held that counsel's ineffectiveness can amount to a state-created impediment to filing, which triggers the applicability of the later one-year limitations provision set forth in § 2244(d)(1)(B). *See, e.g., Waldron v. Jackson,* 348 F. Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00cv803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22,

---

[2]Petitioner's unsuccessful motions filed in April 2009 for leave to file a delayed appeal to the Ohio Court of Appeals did not restart the running of the statute under § 2244(d)(1)(A), but rather could only serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011); *Cleveland v. Bradshaw,* 760 F. Supp.2d 751, 768 (N.D. Ohio 2011); *cf. Little v. Warden, Warren Corr. Inst.,* No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman,* 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez,* where the Court adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). Here, to the extent § 2244(d)(1)(A) governs petitioner's claim for relief, statutory tolling is unavailable to extend the limitations period because petitioner's motions for delayed appeal were filed over a year after the statute had run its course. *See infra* pp. 8-9.

2006) (Spiegel, J.); *see also Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003); *Batista v. Warden, Lebanon Corr. Inst.,* No. 1:08cv635, 2009 WL 3259289, at *2, *7 (S.D. Ohio Oct. 7, 2009) (Spiegel, J.; Hogan, M.J.) (and numerous cases cited therein).[3] Furthermore, it has long "been widely held that counsel's failure to file a timely notice of appeal from a criminal conviction, when requested to do so by the defendant, constitutes ineffective assistance of counsel *per se*." *Tolbert v. United States,* No. 97-5830, 1998 WL 381641, at *2 (6th Cir. June 23, 1998) (and numerous cases cited therein); *see also Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States,* 395 U.S. 327 (1969); *Peguero v. United States,* 526 U.S. 23, 28 (1999)) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Ervin v. Warden, United States Penitentiary,* No. 1:09cv28, 2010 WL 1257900, at *3 (S.D. Ohio Jan. 12, 2010) (Merz, M.J.) (Report & Recommendation) (and cases cited therein) ("[F]ailure to file an appeal on a client's request constitutes ineffective assistance of trial counsel without any showing of prejudice."), *adopted,* 2010 WL 1257903 (S.D. Ohio Mar. 31, 2010) (Barrett, J.).

Here, however, the record belies any claim by petitioner that his counsels' refusal to file an appeal on his behalf amounted to an impediment to filing a timely appeal on his own. Petitioner expressly acknowledged in his motions for delayed appeal to the Ohio Court of

---

[3]*But see Dunker v. Bissonnette,* 154 F. Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)); *Cinocco v. Smelser,* No. 10-cv-01722-BNB, 2011 WL 65084, at *4 (D. Colo. Jan. 6, 2011) (same); *Rith v. Clark,* No. 1:10-cv-0797 SMS HC, 2010 WL 3582591, at *3 (E.D. Cal. Sept. 10, 2010) (and cases cited therein) (same); *Hill v. Mullin,* No. CIV-09-1003-F, 2010 WL 446584, at *2 & n.8 (W.D. Okla. Feb. 1, 2010) (and cases cited therein) (same); *O'Neal v. South Carolina,* Civ. Act. No. 9:08-587-HFF-BM, 2008 WL 4960423, at *3 (D.S.C. Nov. 20, 2008) (following *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd on other grounds,* 549 U.S. 327 (2007), in holding that "the actions of a criminal defense attorney . . . are not state action" within the meaning of § 2244(d)(1)(B)), *appeal dismissed,* 328 F. App'x 283 (4th Cir. 2009).

Appeals that the trial judge assured him at his sentencing hearing that he had a right to an appeal. (*See* Doc. 6, Exs. 6, 9). Moreover, in the plea entry executed by petitioner and filed with the trial court, petitioner stated that he understood he had a "limited" right of appeal, which he was required to file within thirty days of sentencing. (*See* Doc. 6, Ex. 2). In any event, even assuming, as petitioner suggested in his motions for delayed appeal, that he did not know he could file a *pro se* appeal and that counsel led him to believe that he had no right to appeal his guilty-plea conviction or sentence, any such impediments to filing were removed at the latest on March 3, 2009, when petitioner claims he "learned that he indeed could have filed an appeal." (*See* Doc. 6, Exs. 6, 9). Therefore, even if § 2244(d)(1)(B) applies to delay the limitations period in this case, the statute began to run at the latest on March 4, 2009, expiring one year later on March 4, 2010, absent application of statutory and equitable tolling principles. Accordingly, to the extent that it can be argued that § 2244(d)(1)(B) governs petitioner's claim for relief, petitioner still faces a statute-of-limitations bar to review. *Cf. Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173, at *5 (N.D. Ohio Nov. 30, 2007) (holding that § 2244(d)(1)(B) was inapplicable in a case where the petitioner failed to file his federal habeas corpus petition within one year after the alleged state impediment was removed).

During the one-year limitations period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause

a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

The undersigned assumes, without deciding, in petitioner's favor that the later limitations provision set forth in § 2244(d)(1)(B) applies and that the statute, which commenced running on March 4, 2009, was tolled 54 days later on April 27, 2009, when petitioner filed his first notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals. (*See* Doc. 6, Exs. 6-7). The statute recommenced running on October 1, 2009, one day after the Ohio Supreme Court dismissed petitioner's appeal from the denial of his delayed appeal motions. (*See* Doc. 6, Ex. 16). *Cf. Lawrence v. Florida,* 549 U.S. 327, 332-36 (2007) (holding that the statutory tolling provision set forth in § 2244(d)(2) does not apply after a post-conviction matter is no longer "pending" in the state courts to further toll the limitations period during the time a petition for certiorari is pending before the United States Supreme Court). Because petitioner did not file any more applications for state post-conviction relief or other collateral review, the limitations period was not further extended under § 2244(d)(2) and expired 311 days later on August 8, 2010.

Accordingly, in sum, the undersigned concludes that the instant petition filed at the earliest on December 24, 2010, long after the expiration of even the most favorable limitations period, is time-barred unless petitioner is entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011)

9

(quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied*, 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler*, __ F. App'x __, No. 10-1379, 2012 WL 48186, at *2 n.1 (6th Cir. Jan. 9, 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, and most importantly, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner's lengthy delay in filing the instant action, over fourteen months after the Ohio Supreme Court issued its final ruling in the delayed appeal matter, in and of itself conclusively demonstrates that petitioner has not acted with the degree of diligence necessary to trigger equitable tolling concerns.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner generally contends in his memorandum in opposition to the motion to dismiss that he has limited once-a-month access to

the prison law library and library computers, which has prevented him from filing a timely habeas petition. (Doc. 10). Petitioner's argument does not adequately explain his extensive delay in filing a federal habeas petition. In any event, it is well-settled that limited law library access does not constitute an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52.

Accordingly, in sum, the undersigned concludes that the instant petition, which petitioner states was placed in the prison mailing system on December 24, 2010 (*see* Doc. 3, p. 13), is time-barred. At the very latest, the statute of limitations began to run on March 4, 2009, when petitioner claims that he first learned that he could have filed an appeal from his guilty-plea conviction and sentence. Assuming in petitioner's favor that the statute was tolled during the pendency of his motions for delayed appeal to the Ohio Court of Appeals, the limitations period expired at the latest on August 8, 2010. Equitable tolling principles do not apply to further extend the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED**, and the instant habeas corpus petition (Doc. 3), filed long after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v.*

11

*McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

 3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/13/2012
cbc

          Karen L. Litkovitz
          United States Magistrate Judge

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred ground for relief. *See Slack,* 529 U.S. at 484.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMARR WASHINGTON,
    Petitioner,

vs

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
    Respondent.

Case No. 1:11-cv-269

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LaMarr Washington #A566-619
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by ( Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7003 2260 0002 6723 4538

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540